Jonathan Palomo
1512 SW 9th Ave
Fort Lauderdale, FL 33315
323-365-1052
Email: john.palomo007@gmail.com

JONATHAN PALOMO, PRO SE

**FILED**
CLERK, U.S. DISTRICT COURT

NOV 13 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___vdr___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA (WESTERN)

| | |
|---|---|
| **JONATHAN PALOMO,**<br>Plaintiff, Pro Se<br><br>v,<br><br>**BEST BUY CO. INC, DAMIEN PADA, FADI AMMOURI, & DOES 1-10**<br><br>Defendants | **CASE: 2:20-cv-08969-FMO-AGR**<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S EX-PARTE MOTION FOR AN EXTENSION OF TIME TO RESPOND TO AMENDED VERIFIED COMPLAINT, where Def. Pada was PERSONALLY SERVED on 10/27/2020, Def. Fadi Ammouri was PERSONALLY SERVED on 10/28/2020, and Def. Best Buy was SERVED via AGENT on 10/28/2020.<br><br>Plaintiff also gave Defendants 21 SAFE HARBOR NOTICE on 11/09/2020 by email and by serving Opposing Counsel "MOTION FOR SANCTIONS" before filing their intended future Ex-Parte filing of "Motion for an EXTENSION OF TIME TO ANSWER COMPLAINT" and/or "MOTION TO COMPEL ARBITRATION" |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S EX PARTE MOTION FOR AN EXTENSION OF TIME TO ANSWER COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), "a defendant shall serve an answer within 20 days after being served with the summons and complaint." Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." Fed.R.Civ.P. 15(a). Pursuant to Federal Rule of Civil Procedure 5(b)(2)(B), "service by mail is complete upon mailing." Kim v. Commandant, 772 F.2d 521, 524 (9th cir. 1985) (quoting Fed.R.Civ.P. 5(b)(2)(B)). Therefore, the Amended Verified Complaint was filed on October 28, 2020 the date on which it was mailed to Defendant. An Answer to the Amended Verified Complaint would have been due 20 days later, on November 17, 2020. Fed.R.Civ.P. 12(a)(1)(A).

## FACTS

1. The parties failed to file a written stipulation pertaining to the extension of time in this case.

2. Opposing Counsel says he is filing a Motion to Compel arbitration, which is frivolous and which Plaintiff gave him 21 day safe harbor notice on 11/09/2020. he Amended Verified Complaint was filed on October 28, 2020 the date on which it was mailed to Defendant.

3. An Answer to the Amended Verified Complaint is due 20 days later, on November 17, 2020 for Def. Best Buy.

4. An Answer to the Amended Verified Complaint is due 20 days later, on November 16, 2020 for Def. Damien Pada, who was personally served on 10/27/2020.

5. An Answer to the Amended Verified Complaint is due 20 days later, on November 17, 2020 for Def. Fadi Ammouri, who was personally served on 10/28/2020

**Argument**

---

**OPPOSITION TO DEFS. MOTION FOR EXTENSION TO ANSWER COMPLAINT**

Defendants have failed to state any "good cause" or valid reason for not responding to the complaint on time and don't meet the "good cause" standard. Fed. R. Civ. P. 6(b). Defendants demonstrate "bad faith" as they are intending to file a frivolous "Motion to Compel Arbitration" which has no basis in law or fact, as Plaintiff has admissible evidence from past and present Best Buy employees that Best Buy never required we sign Arbitration agreements as a term and condition of employment or continued employment and the documents Best Buy alleges Plaintiff signed, were never signed by Plaintiff according to the terms and conditions of the alleged Arbitration agreement contract, which Plaintiff has never seen before 11/06/2020.

Furthermore, Opposing Counsel failed to follow local rule 7-3 and meet and confer on the phone or in person 10 days before 11/17/2020, the day the responsive pleading is due for Defendants Best Buy and Fadi Ammouri( as he was personally served on 10/28/2020. )Defendant Damien Pada's date to respond to Plaintiff's Amended Verified Complaint is on 11/16/2020, as he was personally served on 10/27/2020.

An extension of time under Fed. R. Civ. P. 6(b) is appropriate when there is no showing of bad faith or that an extension would prejudice the opposing party. Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1260 (9th Cir. 2010). Plaintiff is prejudiced by Defendants dilatory tactics which are in violation of Local Rules and FRCP. They have offered no "good cause" reason for an extension. Defendants intention of Filing another frivolous motion, "Motion to Compel Arbitration" which will be denied on the merits does not satisfy the "good cause" standard, as it is just another frivolous, harassing and dilatory motion, subject to sanctions. Defendants premise their "motion for extension to respond to complaint" on their future filing of their "motion to compel arbitration," which will be denied on the merits. Defendants are precluded from violating FRCP Rule 6, 8, 12 on the basis of their intentions to file future frivolous motions which are subject to Rule 11 and 1927 sanctions. Because Defendants have no valid good cause reason for an extension of time to answer Plaintiffs Amended Verified Complaint by 11/17/2020, the Court must DENY

---

**OPPOSITION TO DEFS. MOTION FOR EXTENSION TO ANSWER COMPLAINT**

Defendants motions for an extension of 30 more days to answer the complaint. If this case is allegedly subject to arbitration, why do Defendants need an extra a 30 Days? Defendants arguments for their motion for an extension of time to answer complaint are self defeating and have no compelling basis in law or fact and must be denied. If the Court is inclined to give Defendants an extension of time, 30 days is excessive and must not be granted as pro Se Plaintiff will be prejudiced as he will be bombarded by having to respond to many of Defendants future frivolous and harassing motions, while Defendants are not required to follow FRCP and respond in a timely manner.

**Defendants have no "good cause" for an extension and any extension is solely for dilatory purposes, which is evidence of bad faith.**

"Arguments and statements of counsel are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment," see See Barcamerica Int'l USA Trust v. Tyfield Importers, Inc., 289 F.3d 589, 593 n.4 (9th Cir. 2002) (quoting Smith v. Mack Trucks, 505 F.2d 1248, 1249 (9th Cir. 1974) (per curiam))

DATED : 11/09/2020.

_____
JONATHAN PALOMO

Rule 6, 8, 15, 12, Local 7-3 are all violated ny Defendants

---

**OPPOSITION TO DEFS. MOTION FOR EXTENSION TO ANSWER COMPLAINT**