WILSON TURNER KOSMO LLP
LOIS M. KOSCH (131859)
NICOLE R. ROYSDON (262237)
402 West Broadway, Suite 1600
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:   (619) 236-9669
E-mail:  lkosch@wilsonturnerkosmo.com
E-mail:  nroysdon@wilsonturnerkosmo.com

Attorneys for Defendants
BEST BUY STORES, L.P. (erroneously sued as BEST BUY CO., INC.), DAMIEN PADA, and FADI AMMOURI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JONATHAN PALOMO,<br><br>              Plaintiff, Pro Se,<br><br>        v.<br><br>BEST BUY CO. INC, DAMIEN PADA, FADI AMMOURI, & DOES 1-10,<br><br>              Defendants. | Case No. 2:20-CV-08969-FMO-AGR<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO DEEM FACTS ADMITTED OR IN THE ALTERNATIVE MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS AND OBJECTIONS**<br><br>Complaint Filed: September 29, 2020<br>FAC Filed:        November 2, 2020<br><br>Dept.:      6D<br>District Judge: Hon. Fernando M. Olguin<br><br>Crtrm.:  Roybal Federal Bldg., Room 550<br>Magistrate Judge: Hon. Alicia G. Rosenberg<br><br>Trial Date: Not Set |

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 5

II. RELEVANT PROCEDURAL BACKGROUND ........................................... 5

III. LEGAL STANDARD ..................................................................................... 6

IV. PLAINTIFF'S MOTION FAILS TO COMPLY WITH THE LOCAL RULES AND THE COURT'S PROCEDURES ............................................. 7

V. DEFENDANTS' OBJECTIONS TO PLAINTIFF'S RFAS ARE JUSTIFIED ...................................................................................................... 8

    A. Defendants' Objection Based on the Pending MTD/MTC Preserves Their Rights ................................................................. 9

    B. Plaintiff's RFAs are Burdensome and Harassing ............................. 10

    C. Plaintiff's RFAs are Not in Proper Form .......................................... 10

    D. Plaintiff's RFAs Call for Speculation and Seek Information Not Within Defendants' Knowledge or Control ......................................... 12

    E. Plaintiff's RFAs are Not Relevant and Do Not Narrow the Range of Issues for Trial .................................................................... 12

VI. DEFENDANTS ADEQUATELY AND TIMELY RESPONDED TO PLAINTIFF'S RFAS ..................................................................................... 13

VII. CONCLUSION .............................................................................................. 16

-2-   Case No. 2:20-CV-08969-FMO-AGR

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPO TO PLAINTIFF'S MOTION TO DEEM FACTS ADMITTED OR IN THE ALTERNATIVE MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS AND OBJECTIONS

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Asea, Inc. v. Southern Pacific Transportation Co.*,
  669 F.2d 1242 (9th Cir. 1981) ........................................................................... 13

*Conlon v. U.S.*,
  474 F.3d 616 (9th Cir. 2007) ............................................................................. 10

*U.S. ex rel. Englund v. Los Angeles County*,
  235 F.R.D. 675 (E.D. Cal. 2006) ................................................................. 11, 12

*Friedman v. Godiva Chocolatier, Inc.*,
  No. 09cv977-L (BLM), 2010 WL 4009660 (S.D. Cal. Oct. 13, 2010) .............. 12

*Holmgren v. State Farm Mut. Auto. Ins. Co.*,
  976 F.2d 573 (9th Cir. 1992) ............................................................................. 13

*I-Enterprise Co. v. Draper Fisher Jurvetson Mgmt. Co.*,
  No. C-03-01561 MMC (EDL), 2005 WL 8177424 (N.D. Cal. Mar. 23,
  2005) .................................................................................................................. 10

*Jacobsen v. Filler*,
  790 F.2d 1362 (9th Cir. 1986) ............................................................................. 8

*James v. UMG Rec., Inc.*,
  No. C 11-1613 SI (MEJ), 2013 WL 5402045 (N.D. Cal. Sept. 26,
  2013) .................................................................................................................. 13

*Kasar v. Miller Printing Mach. Co.*,
  36 F.R.D. 200 (W.D. Pa. 1964) ......................................................................... 11

*King v. Cnty. of Los Angeles*,
  No. CV 10-6592-TJH (AGR), 2012 WL 13124268 (C.D. Cal. Aug.
  24, 2012) ............................................................................................................ 11

*Lewis v. Sterling Jewelers Inc.*,
  No. CV 18-0277 FMO, 2019 WL 856852 (C.D. Cal. Feb. 11, 2019) ................. 8

*Minnesota Mining & Manuf. Co. v. Norton Co.*,
  36 F.R.D. 1 (N.D. Ohio 1964) ........................................................................... 10

**Rules**
Federal Rules of Civil Procedure 26(b)(1) ............................................................. 6, 7

Federal Rules of Civil Procedure 36 ..................................................................... 10

Federal Rules of Civil Procedure 36(a) ................................................................ 12

Federal Rules of Civil Procedure 36(a)(1) ............................................................. 7

Federal Rules of Civil Procedure 36(a)(2) ........................................................... 10

Federal Rules of Civil Procedure 36(a)(4) ............................................................. 7

Federal Rules of Civil Procedure 36(a)(5) ............................................................. 7

# I.
# INTRODUCTION

Plaintiff's Motion to Deem Facts Admitted or In the Alternative, Motion to Determine the Sufficiency of Answers & Objections (Motion) should be denied because it does not comply with the Local Rules or the Court's guidelines. Further, Defendants' objections to Plaintiff's Requests for Admission (RFAs) are justified and their responses are proper. Plaintiff's RFAs are premature and prejudicial at this juncture because Defendants have moved the Court to compel arbitration and are awaiting a ruling. Additional major issues with the requests are that they are excessive in number (more than 260 in this set), compound, irrelevant, and confusing. Many of them are virtually impossible to answer. Despite these defects, Defendants adequately responded to some of the requests by either admitting them, denying them, or responding with qualified admissions or denials. Plaintiff's Motion is frivolous and unnecessary and should be denied in its entirety.

# II.
# RELEVANT PROCEDURAL BACKGROUND

On September 29, 2020, Plaintiff filed this lawsuit in the United States District Court for the Central District of California. (Complaint [ECF No. 1].) In his original Complaint, Plaintiff alleges nine causes of action for defamation, harassment, discrimination, wrongful termination, retaliation, and violations of the Labor Code. (*Id.*) On November 2, 2020, Plaintiff filed an Amended Complaint, which alleges twenty causes of action, many of which are the same as the original Complaint. (Amended Complaint [ECF No. 13]; ECF No. 1.) The additional causes of action allege torts such as intentional infliction of emotional distress and intentional interference with prospective economic advantage, breach of contract claims, FMLA/CFRA and failure to accommodate claims, and unfair competition. (ECF No. 13.)

On November 16, 2020, Defendants filed a Motion to Dismiss or, In the Alternative, Motion to Compel Arbitration (MTD/MTC). (ECF No. 18.) The MTD/MTC was set for hearing on December 17, 2020, but the hearing date was vacated and the motion was taken under submission. (ECF No. 32.)

While Defendants have been awaiting a ruling on the MTD/MTC, Plaintiff has been busy filing frivolous motions and serving burdensome and harassing discovery. In November 2020, Plaintiff filed a motion for sanctions based on Defendants' filing of the MTD/MTC. (ECF No. 21.) On December 2, 2020, Plaintiff filed a Motion for Default Summary Judgment claiming that Defendants had not responded to the Amended Complaint and had not opposed Plaintiff's motion for summary judgment. (ECF No. 29.) Defendants spent unnecessary time and expense in opposing these groundless motions. (ECF Nos. 26; 33.)

The subjects of this Motion are the more than 260 RFAs Plaintiff served via e-mail on Sunday, January 3, 2021, along with the statement that, "Plaintiff is not extending the 30 day deadline, so don't bother asking." (Declaration of Nicole R. Roysdon ("Roysdon Decl.") at ¶ 2, Ex. A.) Defendants timely served their objections and responses to these RFAs on February 3, 2021. (*Id.* at ¶ 3.) On February 6, 2021, Plaintiff provided Defendants with a 21-day safe harbor notice for sanctions based on their responses to the RFAs. (*Id.* at ¶ 4, Ex. B.) The next day, Plaintiff served a second set of Requests for Admission on Defendants, consisting of another 61 requests. (*Id.* at ¶ 5, Ex. C.) Plaintiff accompanied this email with the following statement: "Plaintiff's Second Set of RFA's. Enjoy ! :)". (*Id.*)

### III.

### LEGAL STANDARD

The Federal Rules of Civil Procedure permit parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" (Fed. R. Civ. P. 26(b)(1).) In assessing

-6-      Case No. 2:20-CV-08969-FMO-AGR

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPO TO PLAINTIFF'S MOTION TO DEEM FACTS ADMITTED OR IN THE ALTERNATIVE MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS AND OBJECTIONS

proportionality, the following factors are considered:

> …the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

(*Id.*)

A party may serve requests for admission on another party that relate to "the facts, the application of law to fact, or opinions about either," as well as "the genuineness of any described documents." (Fed. R. Civ. P. 36(a)(1).) However, requests for admission must be within the scope of Rule 26(b)(1), which means they must be relevant and proportional to the needs of the case. (*Id.*)

A responding party may object to a request for admission. (Fed. R. Civ. P. 36(a)(5).) If a party responds to a request for admission, it must either admit or deny the request, but it may qualify its answers and it may admit or deny only part of a request. (Fed. R. Civ. P. 36(a)(4).)

## IV.

## PLAINTIFF'S MOTION FAILS TO COMPLY WITH THE LOCAL RULES AND THE COURT'S PROCEDURES

Per the Court's procedures and Local Rule (L.R.) 37-1, a party may not file a discovery motion before conferring in good faith with the opposing party and then attending a telephonic conference with the Court. In preparation for the telephonic conference, the parties are required to file a joint report with the Court listing each discovery dispute. If the Court is unable to resolve the discovery disputes during the conference, then Local Rule 37-2.1 requires the parties to submit a joint stipulation with the discovery motion, setting forth all of the issues in dispute and the contentions and points and authorities for each party's position. The moving party is responsible for preparing and providing the first draft of the joint stipulation to the opposing party. (L.R. 37-2.2.) The moving party must then file the motion and joint stipulation and

-7-    Case No. 2:20-CV-08969-FMO-AGR

must notice a hearing date for at least 21 days later. (L.R. 37-3.) If the moving party fails to comply with these rules, the Court will not consider the discovery motion and may impose sanctions. (L.R. 37-2.4, 37-4.)

Here, yet again, Plaintiff has failed to comply with the Local Rules and the Court's procedures before filing a motion. Plaintiff did not conduct any of the required conferences with Defendants or the Court nor did he prepare the required joint stipulation and allow Defendants an opportunity to respond before filing the Motion with the Court. Plaintiff also failed to notice a hearing date for this Motion, thus requiring the Court to set a briefing schedule.

Despite Plaintiff's *pro se* status, he is required to comply with the Central District's Local Rules and the Court's procedures. (*See* L.R. 1-3; 83-2.2.3.) Further, simply because Plaintiff is *pro se* does not mean he should be given special treatment and permitted to flout the rules, especially where doing so prejudices Defendants. (*See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); *Lewis v. Sterling Jewelers Inc.*, No. CV 18-0277 FMO (MRWx), 2019 WL 856852, at *1 n.1 (C.D. Cal. Feb. 11, 2019).) Defendants have and continue to suffer prejudice as a result of Plaintiff's failure to comply with the Local Rules and the Court's procedures. Defendants have yet again been forced to respond to an unnecessary and frivolous motion as a result of Plaintiff's failure to comply with the Local Rules and the Court's procedures. Plaintiff's repeated and blatant failure to comply with these rules by itself warrants a denial of the Motion.

## V.

## **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S RFAS ARE JUSTIFIED**

Plaintiff contends the Court should deem all of his RFAs admitted because Defendants failed to respond to them. (Motion, p. 8:7-15.) However, Defendants timely responded to all of Plaintiff's RFAs, either by objecting or by providing a substantive response. (Motion, Exhibit 1.)

Plaintiff also complains that all of Defendants' objections are boilerplate but he fails to identify the allegedly problematic responses and he provides no argument and authority as to why the objections are not warranted. (Motion, p. 5:20-22.) Plaintiff must be specific and cannot generally state, without explanation or support, that all of Defendants' responses and objections are insufficient.

Regardless, Defendants maintain their objections to Plaintiff's RFAs are justified. Plaintiff's RFAs are defective and do not comply with the Federal Rules of Civil Procedure. Plaintiff propounded more than 260 requests, the sheer number of which is burdensome and not proportional to the needs of the case, and based upon Plaintiff's conduct, leads to the conclusion Plaintiff's intent is to harass and annoy Defendants. Moreover, many of the requests are compound, lack foundation, and assume facts. As a result, they were not readily understandable and were often difficult if not impossible to respond to as phrased. The requests are also vague and ambiguous and seek admissions regarding the knowledge of third parties, which Defendants certainly cannot answer. Further, several of the requests have no bearing on the issues in the case and are completely irrelevant.

### A. **Defendants' Objection Based on the Pending MTD/MTC Preserves Their Rights**

Plaintiff claims Defendants waived their right to arbitration by responding to Plaintiff's RFAs. (Motion, pp. 3:21-4:17.) Notwithstanding that this contention is irrelevant to the Motion, it highlights precisely why Defendants asserted the objection that the RFAs are premature and improper based on the pending MTD/MTC. To preserve their right to arbitration, Defendants were required to assert the objection. Further, the objection is warranted because Plaintiff improperly filed this action in federal court and is not entitled to utilize discovery procedures other than as specified in the parties' arbitration agreement. Allowing Plaintiff to conduct discovery prior to a ruling on the MTD/MTC prejudices Defendants because the scope of discovery in

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPO TO PLAINTIFF'S MOTION TO DEEM FACTS ADMITTED OR IN THE ALTERNATIVE MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS AND OBJECTIONS

arbitration is not as broad. Still, without waiving this objection, Defendants attempted to substantively respond to the RFAs in good faith and to the best of their ability.

### B. Plaintiff's RFAs are Burdensome and Harassing

Voluminous requests for admission are burdensome. (*See I-Enterprise Co. v. Draper Fisher Jurvetson Mgmt. Co.*, No. C-03-01561 MMC (EDL), 2005 WL 8177424, at *2 (N.D. Cal. Mar. 23, 2005); *Minnesota Mining & Manuf. Co. v. Norton Co.*, 36 F.R.D. 1, 2-4 (N.D. Ohio 1964) [sustaining objections to 370 requests for admission as burdensome]; *see also* Advisory Committee Note to 1970 Amendment to Fed. R. Civ. P. 36 ["[R]equests to admit may be so voluminous and so framed that the answering party finds the task of identifying what is in dispute and what is not unduly burdensome."].) Requests for admission are "not to be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements." (*Conlon v. U.S.*, 474 F.3d 616, 622 (9th Cir. 2007) quoting *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1268 (11th Cir. 2002).)

Plaintiff propounded more than 260 RFAs and recently served a second set of requests for admission with more than 60 requests. This volume of requests for admission for a single plaintiff case is burdensome and not proportional to the needs of the case, especially considering that many of the requests are compound and thus actually amount to more than 260 requests. Further, Plaintiff has demonstrated that his purpose in serving over 260 RFAs is to harass and annoy Defendants, as he preemptively refused to extend the response deadline and later served another set of requests along with the comment, "Enjoy ! :)". (Roysdon Decl. at ¶¶ 2, 5; Exs. A, C.) Accordingly, Defendants' objections to the requests as burdensome and harassing are well-taken.

### C. Plaintiff's RFAs are Not in Proper Form

Rule 36(a)(2) requires that each matter in a request for admission be separately stated. Requests for admission should not be compound and should not contain

conjunctive or disjunctive (e.g., "and/or") statements. (*See U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006).) "'Requests for admission should be drafted in such a way that a response can be rendered upon a mere examination of the request. To facilitate clear and succinct responses, the facts stated within the request must be singularly, specifically, and carefully detailed.'" (*King v. Cnty. of Los Angeles*, No. CV 10-6592-TJH (AGR), 2012 WL 13124268, at *6 (C.D. Cal. Aug. 24, 2012) quoting *Henry v. Champlain Enter.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003).) "Requests for admission should be simple and clearly phrased 'in such a manner that they can be answered with a simple admit or deny without an explanation.'" (*King*, 2012 WL 13124268, at *7 quoting *Henry*, 212 F.R.D. at 77.)

Here, Plaintiff's RFAs are vague and ambiguous and confusing. They are also compound and contain several conjunctive and disjunctive statements. For example, Request No. 35 asks Defendants to:

> Admit that, generally, from August 1, 2019 through July 17, 2020, Plaintiff, in his specific professional capacity, would not have known whether or not the Best Buy sales associate/cashier made a mistake of inaccurately charging and/or overcharging a Best Buy customer for any Best Buy products and/or Best Buy services that the Best Buy customer never agreed and/or never intended to purchase UNLESS the Best Buy customer, after reviewing the receipt, immediately objected, asked to speak to a Supervisor and/or key holder and/or requested a refund and/or personally told Plaintiff that the Best Buy sales associate/cashier made the mistake of inaccurately charging and/or overcharging the Best Buy customer for any Best Buy products and/or Best Buy services that the Best Buy customer never agreed and/or never intended to purchase.

(Motion, Exhibit 1, pp. 30-31.) Defendants cannot respond to RFAs in this form and properly objected to most of Plaintiff's requests on this basis.

In addition, Plaintiff's RFAs assume the truth of contested facts. "Where a request for admission is argumentative and only possibly could be proper if certain facts are established, but such facts are not definitely on the record, objection to such request should be sustained." (*Kasar v. Miller Printing Mach. Co.*, 36 F.R.D. 200, 203 (W.D. Pa. 1964).) Defendants are unable to respond to a number of Plaintiff's requests

because an admission or denial would also be construed as an admission or denial of other facts assumed within the request. For example, Request No. 153 asks Defendants to, "Admit that Defendant Best Buy has no admissible evidence to prove that the Plaintiff Jonathan Palomo had ever 'went to jail' and/or that Plaintiff was ever 'charged' with 'sexual assault.'" (Motion, Exhibit 1, p. 127.) Not only is this request compound, but in order to admit or deny the request, Defendants would need to assume the truth of the statement that they are trying to prove that Plaintiff went to jail or was charged with sexual assault. Because those matters are disputed, Defendants cannot respond to this request and properly objected. Defendants' objections to other RFAs on this basis are also well-taken.

### D. Plaintiff's RFAs Call for Speculation and Seek Information Not Within Defendants' Knowledge or Control

Defendants properly objected to Plaintiff's RFAs asking for information which Defendants cannot possibly know. Defendants are not required to consult third parties not under their control to respond to requests for admission. (*U.S. ex rel. Englund*, 235 F.R.D at 685.) In addition, Defendants are not required to respond to requests that present hypothetical situations and thus call for speculation. (*See Friedman v. Godiva Chocolatier, Inc.*, No. 09cv977-L (BLM), 2010 WL 4009660, at * 2 (S.D. Cal. Oct. 13, 2010). Plaintiff's RFAs run afoul of these principles and Defendants properly objected to them. For example, Request for Admission No. 202 asks Defendants to:

> Admit that All employees who read Defendant Best Buy December 16, 2019 unprivileged, libelous per Se website publication that Def. Best Buy posted about Plaintiff to third parties reasonably understood that Plaintiff , was the person who Defendant Best Buy factually alleged was "went to jail " for "sexual assault."

(Motion, Exhibit 1, p. 162.)

### E. Plaintiff's RFAs are Not Relevant and Do Not Narrow the Range of Issues for Trial

"The purpose of Rule 36(a) is to expedite trial by establishing certain material

facts as true and thus narrowing the range of issues for trial." (*Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981).) Plaintiff's RFAs are directed to irrelevant matters and would not narrow the issues in the case. For example, Request No. 215 asks Defendants to, "Admit that Defendant Best Buy allows pregnant females employees to work 'light duty.'" (Motion, Exhibit 1, p. 172.) An admission or denial of this request would not tend to prove or disprove any of Plaintiff's claims nor narrow any of the issues for trial. Defendants' relevance objections are justified.

## VI.

## DEFENDANTS ADEQUATELY AND TIMELY RESPONDED TO PLAINTIFF'S RFAS

Plaintiff claims all of Defendants' denials are improper and insufficient because Defendants "provided no basis, no investigation, no affidavit, and these improper denials can easily be proven to be true by Plaintiff." (Motion, p. 8:21-25.) Defendants' responses are not required to contain these items. Simply because Plaintiff does not like Defendants' responses does not mean they are improper; Plaintiff is required to accept Defendants' denials and can try to disprove them at trial. (*See James v. UMG Rec., Inc.*, No. C 11-1613 SI (MEJ), 2013 WL 5402045, at *2 (N.D. Cal. Sept. 26, 2013) [finding responses to requests for admission sufficient because they put opposing party on notice that matters at issue are disputed].)

Plaintiff also complains that Defendants' denials are evasive and equivocal. (Motion, pp. 6-7.) In addition to asserting objections, Defendants attempted to answer Plaintiff's requests to the best of their ability. This required that they admit in part and deny in part some requests or qualify their denials to others to appropriately explain the basis for disputing the RFAs. (*See Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 580-581 (9th Cir. 1992).) This is permissible and, considering the objectionable nature of the requests, is warranted.

      Although Plaintiff takes issue with all of Defendants' substantive responses, he only specifically addresses a handful of requests, which are addressed below. Otherwise, the Motion does not provide any support or authority for why Defendants' remaining responses are at issue.

      Request No. 103 (which Plaintiff erroneously numbered 101) asks Defendants to, "Admit Defendant Fadi is Caucasian and/or white." (Motion, Exhibit 1, p. 90.) Defendants denied and explained that Defendant Fadi Ammouri is of Middle Eastern descent. Plaintiff claims this is improper because he was not asking about ethnicity and "Middle Eastern" is an ethnicity, not a race. (Motion, 9:11-13.) Simply because Plaintiff does not agree with Defendants' response does not make it improper or insufficient. Plaintiff can certainly attempt to prove otherwise at trial. Whether or not Defendant Ammouri is Caucasian and/or white does not tend to prove or disprove any of Plaintiff's claims, nor does it narrow the issues in dispute. Defendants' response is proper and a further response is not warranted.

      Request No. 218 (which Plaintiff erroneously numbered 213) asks Defendants to:

> Admit that at no time after receiving Plaintiff's cease and desist letter did Defendant Best Buy remove the December 16, 2019 unprivileged, published, false, libelous per Se Statements of purported facts about Plaintiff to third parties on Defendant Best Buy's website that Plaintiff was "charged" with "sexual assault" and/or that Plaintiff "went to jail" for "sexual assault."

(Motion, Exhibit 1, p. 174.) This request assumes the statements at issue were posted on Best Buy's website and also assumes legal conclusions about the statements, including that they were libelous. Defendants objected to the request and only denied "that they did not remove the customer comment from Best Buy's NPS survey." (*Id.*) Defendants could not further respond to the request based upon its improper form, assumption of facts and improper legal conclusions. Ultimately, the request does not narrow any of the issues pertaining to Plaintiff's defamation claim because whether or

1  not the statements were removed does not tend to prove or disprove any of the
2  elements of the claim.
3       Request No. 243 (which Plaintiff erroneously numbered 238) asks Defendants
4  to, "Admit that Plaintiff went out on a medical leave in March 2020 and returned to
5  work in April 2020." (Motion, Exhibit 1, p. 193.) Not only did Defendants object on
6  several grounds, including that the request is vague and ambiguous, but Defendants
7  admitted that "Plaintiff was off work in March and April 2020 as a result of the
8  COVID-19 pandemic" and that he took advantage of Best Buy's offer to pay
9  employees who were not comfortable coming to work or who could not work due to
10 illness or family care issues. (Motion, Exhibit 1, p. 194.) Plaintiff explains in his
11 Motion that he is seeking an admission that he was on an FMLA leave due to an
12 umbilical hernia, but that is not clear from the request. (Motion, p. 11:3-9.) In any
13 event, an admission or denial of the request would not narrow any of the issues for
14 trial with respect to Plaintiff's FMLA claim.
15      Request No. 263 (which Plaintiff erroneously numbered 257) asks Defendants
16 to, "Admit that in or around February 2019, Def. Best Buy was aware that Plaintiff
17 was a victim of a workplace violence incident at the Los Feliz store involving a Best
18 Buy customer, where Plaintiff was physically assaulted." (Motion, Exhibit 1, p. 207.)
19 Defendants properly objected to this request because it is compound and assumes
20 Plaintiff was physically assaulted. Defendants' response clearly indicates they only
21 admit "Plaintiff was involved in a dispute with a customer" and otherwise deny the
22 request. Plaintiff's dissatisfaction with the response does not make it improper.
23      Similarly, Defendants' response to Request No. 264 (which Plaintiff
24 erroneously numbered 258) is proper. The request asks Defendants to, "Admit that in
25 or around February 2019, Def. Best Buy was aware that Plaintiff was a victim of a
26 workplace violence incident at the Los Feliz store involving a Best Buy customer,
27 which resulted in a police report being filed." (Motion, Exhibit 1, p. 208.) Again,
28

-15-   Case No. 2:20-CV-08969-FMO-AGR
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPO TO PLAINTIFF'S
MOTION TO DEEM FACTS ADMITTED OR IN THE ALTERNATIVE MOTION
TO DETERMINE THE SUFFICIENCY OF ANSWERS AND OBJECTIONS

Defendants asserted proper objections, admitted that "Plaintiff was involved in a dispute with a customer" and otherwise denied the request. There is nothing insufficient about this response.

## VII.
## CONCLUSION

For the foregoing reasons, Defendants request the Court deny Plaintiff's Motion in its entirety. Should the Court find any of Defendants' objections are unjustified or its responses are insufficient, Defendants request that the Court allow them to amend their responses.

Dated: February 23, 2021       **WILSON TURNER KOSMO LLP**

By: _____
LOIS M. KOSCH
NICOLE R. ROYSDON
Attorneys for Defendants
BEST BUY STORES, L.P. (erroneously sued as BEST BUY CO., INC.), DAMIEN PADA, and FADI AMMOURI